# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CLYESSIA CARTWRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:14-cv-02213-SGC |
| ) | |
| M2R, INC., d/b/a Senior Helpers, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clyessia Cartwright, alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").  Defendant, M2R, Inc., has moved to dismiss Plaintiff's claims.  (Doc. 16).  For the reasons that follow, Defendant's Motion to Dismiss will be denied.

## I.   STANDARD OF REVIEW

Under Rule 8 of the *Federal Rules of Civil Procedure*, a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  FED. R. CIV. P. 8(a)(1).  As explained by the Supreme Court, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must include more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Whether a complaint states a plausible claim for relief is a fact-specific determination for the court, drawing on judicial experience as well as common sense. *Iqbal*, 556 U.S. at 679. *Twombly* instructs courts faced with a motion to dismiss to accept the complaint's purely factual allegations as true and determine whether those facts state a claim. *Id.*

## II.   DISCUSSION

The FLSA requires employers to pay employees an overtime wage of one and one-half times the normal hourly rate for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(2)(C). If an employee covered by the FLSA's overtime provisions is not paid the statutory wage, "the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and backpay." *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

Here, Plaintiff alleges she worked more than forty hours per week as a certified nursing assistant and that Defendant failed to pay overtime compensation. (Doc. 15 at 3). Accepting these allegations as true, Plaintiff has successfully met the pleading standard laid out in *Twombly* and *Iqbal*.

Defendant's Motion to Dismiss invokes the so-called "companionship exemption" to the FLSA.  Under the companionship exemption, employees "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" are exempt from FLSA overtime protections.  29 U.S.C. § 213(a)(15).  Defendant contends the amended complaint[1] fails to assert sufficient facts to show the companionship exemption is inapplicable.  (Doc. 16 at 4).  As explained below, under the circumstances of this case, Defendant's arguments regarding the companionship exemption are premature at the motion to dismiss phase.

The Supreme Court has noted the "general rule that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).  As the Second Circuit has stated, "the employer invoking the exemption bears the burden of proving that its employees fall within the exemption." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010); *see also Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000) ("the law has placed the burden of proving that an exemption applies on the employer claiming the exemption").  Accordingly, as expressed in

---

[1] More precisely, Defendant's arguments are aimed at the original complaint, despite the fact that Plaintiff had already filed an amended complaint.  Functionally, because the only change in the amended complaint was the name of the defendant, Defendant's reference to the original complaint does not affect the substance of the analysis.

3

*Herman*, requiring a plaintiff to "plead sufficient facts in a judicial complaint under the FLSA to show that the employees were not exempt would effectively shift the burden on the issue of exemption from the employer to the [plaintiff]." *Herman*, 80 F. Supp. 2d at 1297; *see also DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) (FLSA plaintiff was "not required to plead facts at this stage of the proceedings to support her position that she was a non-exempt employee").

For the foregoing reasons, Defendant's arguments regarding the companionship exemption are premature at the motion to dismiss stage. This conclusion is supported by the fact that all but two of the opinions Defendant cites arose in the context of motions for summary judgment—not motions to dismiss.[2] In the two pre-summary judgment cases cited by Defendant, the respective courts concluded the factual allegations in the complaints established that the companionship exception plainly applied. *See Torres v. Ridgewood Bushwick Senior Citizens Homecare Council, Inc.,* No. 08-3678, 2009 WL 1086935 (E.D.N.Y. Apr. 22, 2009); *Stubbs v. A-1 Nursing Care of Cleveland, Inc.,* No. 09-1264, 2009 WL 2045398 (N.D. Ohio July 8, 2009). Here, the amended complaint alleges Plaintiff performed some tasks falling under the companionship exception but also states the "majority of her work" involved non-exempt tasks. (Doc. 15 at

---

[2] *See Cox v. Acme Health Servs*., 55 F.3d 1304, 1305 (7th Cir. 1995) (affirming grant of summary judgment); *Anglin v. Maxim Healthcare Servs., Inc.,* No. 08-869, 2009 WL 2473685 (M.D. Fla. Aug. 11, 2009) (denying summary judgment due to issues of fact regarding amount of exempt work performed by plaintiff); *McCune v. Or. Senior Services Division*, 894 F.2d 1107, 1110-111 (9th Cir. 1990) (affirming grant of summary judgment).

2). To the extent the pre-summary judgment cases cited by Defendant could apply here, the undersigned finds these two extra-circuit district court opinions unpersuasive in light of the authority discussed in the preceding paragraph.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 16) is **DENIED**. Also pending is the joint motion to stay (Doc. 23), which is premised on the pendency of the Motion to Dismiss. Because the Motion to Dismiss is no longer pending, the Clerk is **DIRECTED** to **TERM** the motion to stay. The parties are **ORDERED** to file a report under Rule 26(f) within thirty (30) calendar days.

**DONE** this 8th day of June, 2016.

*/s/ Staci G. Cornelius*
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE